**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Arthur Louis Davis,<br><br>       Debtor, | No. CV 10-1077-PHX-JAT<br><br>**ORDER** |

       Pending before this Court is Debtor's Motion for Leave to Appeal and Request for Hearing. (Doc. #2). For the reasons below, this motion is denied due to improper procedure.

       Debtor, Mr. Arthur Louis Davis, seeks to appeal a March 12, 2010 decision of the Bankruptcy Court denying his Motion to Vacate Default Judgment. (Doc. #2 at 1). To appeal an adverse decision of the Bankruptcy Court, a litigant must file a notice of appeal with the clerk of the Bankruptcy Court. 9th Cir. BAP R. 8001(a)-1; LRBankr 8001-1; *see also* Fed. R. Bankr. P. 8001(a). The clerk of the Bankruptcy Court will then forward the case to the Bankruptcy Appellate Panel clerk. 9th Cir. BAP R. 8001(a)-1. However, a litigant may elect to have a district court hear his or her appeal pursuant to 28 U.S.C. § 158(c) by filing a Statement of Election separate from his or her notice of appeal. 9th Cir. BAP R. 8001(a)-1; LRBankr 8001-1. If a litigant files a timely Statement of Election, the clerk of

the Bankruptcy Court will transfer the case to the district court. 9th Cir. BAP R. 8001(e)-1.[1] Therefore, regardless of whether a litigant wishes to appeal to the district court or the Bankruptcy Appellate Panel, the litigant must file a notice of appeal with the Bankruptcy Court. 9th Cir. BAP R. 8001(a)-1; LRBankr 8001-1. If a litigant mistakenly files a notice of appeal with the clerk of the district court instead of the Bankruptcy Court, the district court must transmit the notice of the appeal to the clerk of the Bankruptcy Court. Fed. R. Bankr. P. 8002(a). The Bankruptcy Court will consider the notice of appeal filed on the day the litigant filed it with the district court. *Id.*

Here, Mr. Davis filed his Motion for Leave to Appeal with this Court on May 14, 2010. (Doc. #2). Mr. Davis should have filed this motion with the clerk of the Bankruptcy Court. *See* BAP R. 8001(a)-1; LRBankr 8001-1. This Court will therefore transmit his filing to the clerk of the Bankruptcy Court and it will be deemed to have been filed with that court on May 14, 2010. *See* Fed. R. Bankr. P. 8002(a). Whether Mr. Davis's motion is untimely or whether Mr. Davis can show good cause for filing an untimely motion are therefore decisions for the Bankruptcy Court.

The Court further notes that if a litigant wishes to have a district court, and not a Bankruptcy Appellate Panel, hear his or her appeal pursuant to 28 U.S.C. § 158(c), he or she must voice this request in a separate filing known as a Statement of Election. Fed. R. Bankr. P. 8001(e). By requiring a separate Statement of Election, Congress intended that debtors appeal their bankruptcy cases to the Bankruptcy Appellate Panel by default and only to the district court where "an actual election [was] knowingly and informatively made." *In re Sullivan Jewelry, Inc.*, 218 B.R. 439, 441 (8th Cir. BAP 1998). In order to qualify as an effective Statement of Election, this separate filing must not contain any arguments besides the request to appeal to the district court. *In re Hupp*, 383 B.R. 476, 480 (B.A.P. 9th Cir.

---

[1] In this respect, the 9th Circuit's procedure clarifies the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 8001(a) ("An appeal. . . shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002."); Fed. R. Bankr. P. 9001(3) ("'Clerk' means bankruptcy clerk if one has been appointed. . .").

2008). Here, the Court is not aware of any separate filing requesting that the district court hear this appeal. Mr. Davis's Motion for Leave to Appeal and Request for Hearing cannot be construed as an Statement of Election because it contains other arguments. *See In re Hupp*, 283 B.R. at 480. If such an Statement of Election is forthcoming, it too must be filed with the clerk of the Bankruptcy Court. Fed. R. Bankr. P. 8001(a).

**Accordingly,**

**IT IS ORDERED** that Mr. Davis's Motion for Leave to Appeal and Request for Hearing (Doc. #2) is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case due to improper procedure.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall transfer Mr. Davis's Motion for Leave to Appeal and Request for Hearing (Doc. #2) to the Clerk of the Bankruptcy Court.

DATED this 28th day of June, 2010.

James A. Teilborg
United States District Judge